FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 15 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENJAMIN ROMERO,

    Petitioner,

v.     Civ. No. 06-0068 MCA/RLP

JAMES JANECKA, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1. Before the court is Respondent's Motion to Dismiss. Petitioner filed an application for writ of habeas corpus, 28 U.S.C. § 2254. He is currently incarcerated in the Lea County Corrections Facility, Hobbs, New Mexico, having pled guilty to various offenses committed in 1997. Respondent argues that the matter must be dismissed with prejudice because none of Petitioner's claims are cognizable under § 2254.

2. Pursuant to the Judgment and Sentence entered February 12, 1998, Petitioner was sentenced to a total of 15 years on four counts, the sentences to be served consecutively, followed by a period of parole. Answer [Doc. 12], Exhibit A. The sentence was suspended and Petitioner was placed on probation for three years. *Id.* Prior to the Judgment, Petitioner had signed a Plea Agreement in which he agreed that if he violated his term of probation he would be subject to habitual offender enhancements. Exhibit B.

3. Petitioner violated the term of probation and the court entered its Order Revoking Probation and Imposing Judgment and Sentence on September 14, 1999.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.



Exhibit F. The term of incarceration was enhanced, pursuant to NMSA (1978) § 31-18-17 by one year for each count, for a total sentence of 18 years[2] plus a term of parole. The court then suspended eight years of the sentence and credited Petitioner for time served.[3]

4.  In October, 2004, Petitioner again violated the term of his probation and on January 7, 2005 the court entered another Order Revoking Probation and Imposing Judgment and Sentence. Exhibit L.[4]

5.  On June 21, 2005 Petitioner filed his Motion for Amended Judgment-Sentence and for an Order of Discharge. Exhibit P. He argued that because he had completed the term of imprisonment imposed (Exhibit F, five years probation), the subsequent sentence he received (Exhibit L, eighteen years less time served) constituted an improper double penalty.

6.  The state court judge summarily denied the Motion, finding that Petitioner's sentence was revoked within the original three-year probation period (Exhibit A, February 4, 1998; Exhibit F, September 14, 1999) and the court had authority to impose the balance of the suspended sentence plus the habitual offender enhancements. Exhibit Q.

---

[2] The enhancements should have been one year for each count, see § 31-18-17, and a four-count indictment should have resulted in four years' enhancement to an original 15 year sentence, or a total of 19 years. But in each and every Order Revoking Probation and Imposing Judgment and Sentence, see Exhibits F, G, L, and O, the state court concludes that the total term of imprisonment is 18 years.

[3] On July 25, 2001 the original order (Exhibit F) was amended to credit Petitioner with 743 days of time served. Exhibit G. On January 22, 2002 an Amended Order was entered, Exhibit H, which seems to be substantively the same as Exhibit G in terms of crimes charged, sentence and enhancements received, and credited time.

[4] On June 14, 2005 the court entered an Amended Order, Exhibit O, on which the court wrote in the original terms of incarceration for each count. But this Amended Order, instead of enhancing the term pursuant to the habitual offender statute, § 31-18-17, enhances the same amount of time under the firearm enhancement statute, § 31-18-16.

Petitioner then sought a writ of certiorari, Exhibit R, which was denied by the New Mexico Supreme Court, Exhibit S, on November 3, 2005.

7.      In his petition to this court, Petitioner asserts both a due process and double jeopardy violation. He argues that the constitutional violations occurred with entry of the Petition to Revoke Probation in October, 2004 (Exhibit K) and the subsequent Order Revoking Probation and Imposing Judgment and Sentence, entered on January 7, 2005 (Exhibit L). His rights were violated, he argues, because he had served his basic sentence of ten years imposed by the September 14, 1999 Order (Exhibit F). See Petitioner's Response [to Answer], Doc. 16.

8.      Having reviewed Petitioner's submissions, the court finds that Respondent's Motion to Dismiss should be granted because Petitioner has only raised matters of state law which are not cognizable in federal court. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal courts may review interpretations of state law that violate the Constitution, but Petitioner here has made no arguments that implicate either due process or the prohibition against double jeopardy. Richardson v. Evans, 99 F.4d 1150, **4 (10th Cir. 1996) (1996 WL 603278) (unpublished opinion).

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss [Doc. 10] be granted and this case dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge